```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
ANTOINE SMITH,
                      Plaintiff,      08 Civ. 10437 (JSR)(DFE)
                                      (This is not an ECF case)
         - against -                  REPORT AND RECOMMENDATION
                                      TO JUDGE RAKOFF
"JOHN DOE," [identified on 10/13/09
as] DENBROOK HOLMES, [deceased]
Correctional Officer for Bronx
Criminal Court, sued in his official
and individual capacities,

                      Defendant.
-------------------------------------x
```

DOUGLAS F. EATON, United States Magistrate Judge.

    1.  On November 5, 2008, our Court's Pro Se Office received a *pro se* Complaint from Antoine Smith, who was then in prison. In the attachment to the Complaint, Mr. Smith alleged that he was beaten on October 18, 2007 by "John Doe," a guard in the holding pen for the courtroom for Part F in Bronx Criminal Court.

    2.  On March 10, 2009, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), I directed the New York State Attorney General's Office to answer interrogatories from Mr. Smith for the sole purpose of ascertaining the identity and address of the defendant "John Doe."

    3.  By letter dated June 12, 2009, the State Attorney General's Office advised Mr. Smith and me that (because the date of the alleged incident was prior to January 2008) "John Doe" would have been a New York City Correction Officer rather than a Court Officer employed by the State's court system.

    4.  By order dated September 22, 2009, I directed Mr. Smith to supply further information to the New York City Law Department, and I directed certain questions to the City Law Department.

    5.  In a detailed letter dated October 13, 2009, the City Law Department's Philip DePaul advised Mr. Smith and me that in all likelihood "John Doe" was Correction Officer Denbrook Holmes. But Mr. DePaul's letter ended with a statement noting the death of Correction Officer Holmes:  "I have been informed, however, that, unfortunately, Correction Officer Holmes passed away on

-1-

October 23, 2007."

6. I annexed Mr. DePaul's letter to my Memorandum and Order dated October 15, 2009, in which I said: "It appears that Correction Officer Holmes was the person that plaintiff intended to sue. However, Mr. Holmes passed away on October 23, 2007, five days after the alleged assault. Accordingly, I direct plaintiff to write a letter to me advising whether he wishes to discontinue this lawsuit. His letter must be mailed no later than November 9, 2009, and a copy must be mailed to ACC Philip DePaul."

7. Mr. Smith has been home on parole since September 2009, but he did not respond until a month after the November 9 deadline. On December 11, 2009, he mailed an Amended Complaint to the Pro Se Office, which docketed it on December 14. The Amended Complaint is very similar to the original Complaint, except that Mr. Smith has changed the defendant from "John Doe" to "DENBROOK HOLMES, Correctional Officer For Bronx Criminal Court, sued in his official and individual capacities." Officer Holmes died more than two years ago, and it would be pointless to issue a summons for him.

8. Rule 25(a)(1) of the Federal Rules of Civil Procedure reads as follows:

> **Rule 25. Substitution of Parties**
>   **(a) Death.**
>     **(1)** *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

In the course of affirming such a dismissal, the Second Circuit has construed Rule 25(a)(1) as follows:

> It is first contended that the statement of the fact of death must be filed by a party or a formal or appointed representative of the estate of the decedent. ....
> However, the text of Rule 25(a)(1) contains

>     no such restriction on who may file the statement.
>
>                    *   *   *
>
>     .... The rule does not require that the
>     statement identify the successor or legal repre-
>     sentative; it merely requires that the statement
>     of death be served on the involved parties. ....
>     Plainly, then, if there was an inability or a
>     significant difficulty in identifying Banerjee's
>     legal representative or successor, a motion can
>     be brought under Rule 6(b) to enlarge the time
>     in which to file the motion for substitution.

*Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469-70 (2d Cir. 1998).

9. The statement noting the death of Officer Holmes was served on plaintiff on October 13, 2009. Ninety days after that date was January 11, 2010, but three more business days must be added pursuant to Rule 6(d) because Mr. DePaul served plaintiff by mail. Accordingly, January 14, 2010 was the deadline for Mr. Smith to make a motion to substitute another person in place of the deceased Officer Holmes.

10. It might be argued that Mr. Smith, after receiving the statement noting the death, has in essence made a motion to substitute "John Doe" with the deceased Officer Holmes. But the deceased Officer Holmes cannot be served with a summons and is clearly not a proper party to be sued.

11. Since the Amended Complaint says that Officer Holmes is sued in his individual and official capacities, it might be argued that Rule 25(d) is somehow applicable. However, Officer Holmes did not die "while the action is pending," and it would appear that no one was his official "successor."

12. **I recommend that Judge Rakoff dismiss this lawsuit pursuant to Rule 25(a)(1), quoted earlier.** I think it would be unfair to grant Plaintiff extra time to attempt to substitute the estate of Officer Holmes. He probably did not leave an estate with significant assets, and any assets and liabilities have probably been settled during the two years and three months since his death. Moreover, Officer Holmes died a mere five days after the alleged incident. His estate has had no reason to know of the existence of any claim by Plaintiff against Officer Holmes, and no reason to gather evidence to defend against such a claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may object to this

recommendation within 14 calendar days after being served with a copy **(i.e., no later than February 11, 2010)**, by filing written objections with the Clerk of the U.S. District Court and mailing copies (a) to the opposing party, and (b) to the Hon. Jed S. Rakoff, U.S.D.J. at Room 1340, 500 Pearl Street, New York, NY 10007. Failure to file objections within 14 calendar days will preclude appellate review. *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), and 6(e). Any request for an extension of time must be addressed to the District Judge, Judge Rakoff.

　　　　　　　　　　　　　　　/s/ Douglas F. Eaton
　　　　　　　　　　　　　　　DOUGLAS F. EATON
　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　　　　　　　　　　500 Pearl Street, Room 1360
　　　　　　　　　　　　　　　New York, New York 10007

Dated:　　New York, New York
　　　　　January 22, 2010

Copies of this Report and Recommendation will be mailed on January 25, 2010 to:

Mr. Antoine Smith
5360 Broadway, Apt. 3D
Bronx, NY 10463-7609

Philip R. DePaul, Esq.
Special Federal Litigation Division
New York City Law Department
100 Church Street
New York, NY 10007
　　　　　　　(also by fax at 212-788-9776fax)

Pro Se Office
Room 230, U.S. Courthouse
500 Pearl Street
New York, NY 10007

Hon. Jed S. Rakoff
U.S. District Judge
Room 1340, U.S. Courthouse
500 Pearl Street
New York, NY 10007